UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEWART TITLE GUARANTY
COMPANY, a Texas corporation,

                    Plaintiff,

v.                              Case No.   2:04-cv-316-FtM-33SPC

TITLE DYNAMICS, INC., a Florida
Corporation,

                    Defendant,


and PRINCE BROTHERS, INC., an
Alabama Corporation, f/k/a PRINCE
B R O T H E R S ,     I N C . ,     d/b/a
ONLINETITLE.NET,

                    Defendant    and
                    Third    Party
                    Plaintiff,

v.

GLORIA J. LONG WOZNIAK, an
individual, MICHAEL D. WOZNIAK, an
individual, BRUCE L. NELSON, an
individual, PHYLLIS J. TEMPLER, an
individual, HEMISPHERE SYSTEMS,
INC., a Texas corporation, ORION
BANK, a Florida corporation, and
WACHOVIA BANK, N.A., a North
Carolina corporation,

                    Third Party
                    Defendants.

_____/


## ORDER

    This matter comes before the Court pursuant to a Motion to

Dismiss Counts IV, VI, and VII (Doc. #119), filed on April 6, 2005

by Defendant, Prince Brothers, Incorporated.  Plaintiff, Stewart

Title Guaranty Company, filed a response in opposition (Doc. #123) on April 20, 2005.

## I.   STANDARD OF REVIEW

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party.  See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  75 Acres, LLC v. Miami-Dade County, Fla., (11th Cir. 2003)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim."  Conley, 355 U.S. at 47.  All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement needs to be sufficient enough to afford the defendant "fair notice of what the claim is and the grounds upon which it rests."  United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)(quoting Conley, 355 U.S. at 47).  Thus, the issue in a 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his or her claim, but rather, whether the allegations

-2-

contained in the complaint will be sufficient to allow discovery as to their proof. Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579-80 (11th Cir. 1986).

## II.  BACKGROUND

The Second Amended Complaint (Doc. #108) sets forth the following pertinent facts, which are assumed to be true for the purpose of deciding this motion.

Stewart is in the business of transacting title insurance. (Doc. #108 at ¶2.)  On December 12, 2003, Stewart entered into a Title Insurance Underwriting Agreement with Prince, whereby Prince became an agent of Stewart. (Doc. #108 at ¶16; Ex. 3.)  Under this agreement, Stewart served as a title insurance underwriter for title insurance policies issued by Prince.  (Doc. #108 at ¶16.) Stewart also had entered into such an insurance underwriting agreement on October 7, 2003, with co-Defendant, Title Dynamics, Incorporated.  (Doc. #108 at ¶9; Ex. 1.)

Prince and Title Dynamics were required by these agreements to "keep safely in [their] escrow account[s], separate from [their] individual accounts, all funds received by [them] from any source(s) in connection with transactions in which [Stewart] title policies [were to] be issued, and to disburse said funds only for the purpose for which they were entrusted." (Doc. #108, Ex.1 at ¶3(e) and Ex. 3 at ¶3(e).)  These funds were to be "disbursed solely for, and only in connection with, real estate closing

transactions, and in accordance with those written instructions relating to the real estate closings." (Doc. #108 at ¶¶13 and 20.)

Stewart alleges that Prince was operating with a $1.8 million shortfall in its escrow account as of March 2004, due to the "systematic and continuous misappropriation and diversion of escrow funds" by Prince employees. (Doc. #108 at ¶¶26-7.) Over a twenty day period in May 2004, Title Dynamics transferred a total of $1,198,216.11 from its escrow account to a bank account belonging to Prince. (Doc. #108 at ¶33; Ex. 2.) These transfers were made at the direction of Gloria Wozniak, a former Prince employee. (Doc. #108 at ¶33.) Prince used these transferred monies to cover the deficiencies it had created in its own escrow account. (Doc. #108 at ¶34.) This was so even though Prince knew the funds were from a Title Dynamics trust account, and knew or should have known that the funds were being transferred for purposes in violation of the agreement. (Doc. #108 at ¶34.)

Stewart further submits that these improper transfers resulted in a shortfall in excess of $1.4 million in Title Dynamics' trust account for which Stewart was directly liable and that it has now paid. (Doc. #108 at ¶41.) Stewart contends that it was liable for these payments in light of title commitments and policies, insured closing protection letters it issued to its insureds, and Section 627.792 of the Florida Statutes. (Doc. #108 at ¶41.) Additionally, Stewart alleges that it has paid at least $262,044.63

-4-

to cover additional shortfalls in Title Dynamics' escrow account and at least $719,066.21 to cover additional deficiencies in Prince's escrow account.   (Doc. #108 at ¶42.)

## III.  DISCUSSION

Prince moves to dismiss Counts IV (conversion), VI (unjust enrichment), and VII (constructive trust) of the Second Amended Complaint (Doc. #18) arguing that: (1) Stewart does not have standing to bring the claims and (2) Stewart has failed to state a claim upon which relief may be granted under the claims.  (Doc. #119.)   Stewart argues that it has properly stated a cause of action for, and has standing to bring, the claims in Counts IV, VI, and VII.   (Doc. #123.)

### A.   Standing

For Stewart to have standing, it must show that: (1) it suffered an injury in fact; (2) there was a causal connection between the alleged injury and the complained of conduct; and (3) there is a likelihood the alleged injury will be redressed by the relief requested.  See Wolff v. Cash 4 Titles, 351 F.3d 1348, 1353 (11th Cir. 2003).  Because the Court is reviewing standing pursuant to a motion to dismiss,  the amended complaint is construed in favor of Stewart, and all the material allegations therein are accepted as true.  See Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001); Harris v. Evans, 20 F.3d 1118, 1121 n.4 (11th Cir. 1994).  The Court, however, will not speculate as to whether

standing exists and will not "imagine or piece together an injury sufficient to give [Stewart] standing when it has demonstrated none." Miccosukee Tribe of Indians of Fla. v. Florida State Athletic Comm'n, 226 F.3d 1226, 1229-30 (11th Cir. 2000).

Prince alleges that because Title Dynamics would not be entitled to bring claims for conversion, unjust enrichment, or constructive trust, Stewart, by virtue of its relationship with Title Dynamics, may not now bring such claims. (Doc. #119 at ¶¶4, 8, 17.) Stewart argues that it has standing to bring the claims in Counts IV (conversion), VI (unjust enrichment), and VII (constructive trust) because it is subrogated to the rights of its purchasers and insureds as well as Title Dynamics. (Doc. #123 at 4-5; Doc. #108 at ¶¶41-42, 68, 76, 83.)

Florida recognizes conventional and equitable subrogation. Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 646 (Fla. 1999). Conventional subrogation arises by contract and "occurs where one having no interest in or relation to the matter pays the debt of another, and by agreement is entitled to the securities and rights of the creditor so paid." Nova Info. Sys. v. Greenwich Ins. Co., 365 F.3d 996, 1004 (11th Cir. 2004)(quoting Dade County, 731 So.2d at 647). Equitable subrogation arises where: (1) the subrogee makes a payment to protect its own interests; (2) the payment was non-voluntary; (3) the subrogee was not primarily liable for the debt paid; (4) the subrogee paid the

entire debt; and (5) subrogation would not work any injustice to the rights of a third party. <u>Nova</u>, 365 F.3d at 1005 (citing <u>Dade</u>, 731 So.2d at 646).

Stewart states that because of title commitments and policies, insured closing protection letters, and Florida Statute § 627.792, it was liable for the deficit created in Title Dynamics' escrow account and has paid $1,198,216.11 in claims as a result of the improper transfer of funds to Prince. (Doc. #108 at ¶41.) Stewart also alleges that it has paid in excess of $981,110.84 to cover additional shortfalls in the escrow accounts of Title Dynamics and Prince escrow accounts. (Doc. #108 at ¶42.) As such, Stewart has properly pled that it is entitled to be equitably subrogated to the rights of its purchasers and insureds. Therefore, Stewart has standing bring its claims in Counts IV, VI, and VII, regardless of its relationship to Title Dynamics.

### B.   Count IV - Conversion

Prince argues that Stewart has failed to state a claim for conversion because the Second Amended Complaint (Doc. #108) fails to plead facts sufficient to show the transferred monies can be specifically identified or were maintained separately from other Prince funds. (Doc. #119 at ¶2.)

Conversion is "the wrongful exercise of dominion or control over property to the detriment of the rights of one entitled to possession." <u>United States v. Bailey</u>, 288 F. Supp. 2d 1261, 1269

(M.D. Fla. 2003)(citing <u>Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead</u>, 162 F.3d 1101, 1108 (11th Cir. 1998)). Specific money capable of identification may be the subject of a conversion. <u>See Kee v. Nat'l Reserve Life Ins. Co.</u>, 918 F.2d 1538, 1541 (11th Cir. 1990)(citing <u>Belford Trucking Co. v. Zagar</u>, 243 So.2d 646, 648 (Fla. 4th DCA 1970). "Money is capable of identification where it is delivered at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit, or where wrongful possession of such property is obtained." <u>Belford</u>, 243 So.2d at 648.

Stewart states that the funds transferred to Prince by Title Dynamics were being held in trust by Title Dynamics in connection with real estate closing transactions in which Stewart title policies were to be issued. (Doc. #108 at ¶¶10, 13.) The specific sums transferred "did not correspond with, relate to, or in any way involve real estate closing transactions for which the funds were being held in escrow." (Doc. #108 at ¶35.) An action for conversion is proper when a specific sum of money is withdrawn from a bank account for purposes other than that for which the money is being held. <u>See Allen v. Gordon</u>, 429 So.2d 369, 371 (Fla. 1st DCA 1983); <u>Goodwin v. Alexatos</u>, 584 So.2d 1007, 1011 (Fla. 5th DCA 1991).

Here, Stewart has alleged that the $1,198,216.11 was transferred from Title Dynamics' escrow account to Prince contrary

-8-

to the purpose for which it was being held in escrow. (Doc. #108 at ¶34.) The party actually taking the property will be liable for conversion, and so too will the recipient of the converted property. See Corpofin, C.A. v. Santaella, No. 96-1679-CIV, 1999 U.S. Dist. LEXIS 23389, at *16-17 (S.D. Fla. June 15, 1999), aff'd sub nom. FOGADE v. ENB Revocable Trust, 263 F.3d 1274 (11th Cir. 2001)(citing Goodwin, 584 So.2d at 1011)). Therefore, subrogated to the rights of its purchasers and insureds whose funds were in escrow, Stewart has sufficiently stated a claim for conversion because Prince, as the recipient of converted money, may be liable for conversion.

### C. Count VI - Unjust Enrichment

The elements Stewart must allege to state a claim for unjust enrichment are that: (1) it conferred a benefit on Prince, of which Prince was aware; (2) Prince accepted and retained the conferred benefit; and (3) it would be inequitable under the circumstances that Prince retain the benefit without paying for it. Nova, 365 F.3d at 1006-07. Prince argues that Stewart has failed to state its claim for unjust enrichment because Stewart has not pled that Prince knew Stewart was conferring a benefit, that Prince retained any such benefit, Prince acted wrongfully or unjustly, or that the monies were not a valid obligation owed to Prince. (Doc. #119 at ¶¶7, 9-12.)

Stewart lists in its Second Amended Complaint transactions in which a total of $1,198,216.11 was transferred to Prince and states that Prince knew or should have known that the monies received were escrow funds unrelated to the real estate transactions for which they were entrusted.   (Doc. #108 at ¶¶33-34.)   Specifically, Stewart alleges that Prince accepted and retained these monies to cover its own escrow account shortages even though it was aware that the source of the funds was Title Dynamics' trust account. (Doc. #119 at ¶34; Ex. 4.)   Stewart also pleads that Prince should not, in equity and good conscience, retain the monies.   (Doc. #108 at ¶80.)

Therefore, subrogated to the rights of its purchasers and insureds whose funds were in escrow, Stewart has adequately stated a claim for unjust enrichment.

### D.   Count VII - Constructive Trust

A constructive trust will be imposed where a party "through actual fraud, abuse of confidence reposed and accepted, or through other questionable means gains something for himself which in equity and good conscience he should not be permitted to hold." Saporta v. Saporta, 766 So.2d 379, 381-82 (Fla. 3d DCA 2000)(citing Quinn v. Phipps, 113 So.2d 419, 422 (Fla. 1927)).   A constructive trust will be imposed even when property is not acquired by fraud if it will prevent unjust enrichment.   See Saporta, 766 So.2d at

382; <u>SEC v. Chemical Trust</u>, No. 00-8015-CIV-(Ryskamp/Vitunac), 2000 U.S. Dist. LEXIS 19786, at *31 (S.D. Fla. Dec. 19, 2000).

Stewart must allege the following elements to state a claim for the imposition of a constructive trust: (1) an express or implied promise; (2) transfer of property and reliance thereon; (3) a confidential relationship; and (4) unjust enrichment.  <u>See</u> <u>Saporta</u>, 766 So.2d at 381.  The res must be specific, identifiable property or traceable to Prince's assets, and may not be imposed on Prince's general assets.  <u>See</u> <u>Small Bus. Admin. v. Echevarria</u>, 864 F. Supp. 1254, 1265 (S.D. Fla. 1994)(citing <u>Finkelstein v. Southeast Bank, N.A.</u>, 490 So.2d 976, 983 (Fla. 4th DCA 1986)).

Prince argues that Stewart has failed to state a claim for constructive trust because it has not pled that there is a specific, identifiable property, which is within the possession and control of Prince, that can be clearly traced to Prince's assets. (Doc. #119 at ¶¶14-16.)  However, the Second Amended Complaint alleges that Title Dynamics' escrow funds, in the amount of $1,198,216.11, can be traced to certain Prince bank accounts (Doc. #108 at ¶84) and specifically references AmSouth Bank account no. 9905782 (Doc. #108 at ¶33).  Thus, Stewart has alleged sufficiently identifiable property in its Second Amended Complaint.

Stewart also alleges that the $1,198,216.11 which was being held in trust by Title Dynamics on behalf of Stewart's purchasers and insureds, was misappropriated by Title Dynamics and is

currently within the control of Prince.  (Doc. #108 at ¶83.)  Under the constructive trust doctrine, the rightful owner of misappropriated trust property can reach the property, even from subsequent holders, unless the property is acquired by a purchaser for value without notice.  See Republic of Haiti v. Crown Charters, Inc., 667 F. Supp. 839, 843 (S.D. Fla. 1987); Harris Trust & Sav. Bank v. Salomon Smith Barney, 530 U.S. 238, 250-51 (2000).

As the limited agent of Stewart, Title Dynamics received funds in connection with real estate closing transactions.  (Doc. #108 at ¶13; Ex. 1.) These funds were to be maintained in a separate escrow account to be disbursed only in connection with real estate closing transactions.  (Doc. #108 at ¶13; Ex. 1.)  Stewart alleges that these funds were transferred for purposes not related to the real estate closing transactions for which they were being held.  (Doc. #108 at ¶34.)  Stewart contends that "as result of Title Dynamics' misappropriation and defalcation of escrow/trust funds, Prince . . . has retained control over" these trust account funds.  (Doc. #108 at ¶83.)  Thus, Stewart has sufficiently alleged that $1,198,216.11 held in trust by Title Dynamics on behalf of Stewart's purchasers and insureds, was misappropriated by Title Dynamics and is currently within the control of Prince.

Therefore, subrogated to the rights of its purchasers and insureds whose funds were in escrow, Stewart has sufficiently stated a claim for the imposition of a constructive trust.

-12-

Accordingly, it is now

ORDERED, ADJUDGED, and DECREED:

1.   Prince Brothers' Motion to  Dismiss Counts IV, VI, and VII (Doc. #119) is DENIED.

DONE and ORDERED in Chambers in Fort Myers, Florida, this ___14___ day of June, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record