```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

STEWART TITLE GUARANTY
COMPANY, a Texas corporation,

                        Plaintiff,
v.                                       Case No.  2:04-cv-316-FtM-33SPC

TITLE DYNAMICS, INC., a Florida
Corporation,

                        Defendant,


and PRINCE BROTHERS, INC., an
Alabama Corporation, f/k/a PRINCE
B R O T H E R S,    I N C.,   d / b / a
ONLINETITLE.NET,

                        Defendant and
                        Third Party
                        Plaintiff,
v.

GLORIA   J.   LONG    WOZNIAK,    an
individual, MICHAEL D. WOZNIAK, an
individual, BRUCE L. NELSON, an
individual, PHYLLIS J. TEMPLER, an
individual,   HEMISPHERE   SYSTEMS,
INC., a Texas corporation, ORION
BANK, a Florida corporation, and
WACHOVIA   BANK,  N.A.,   a   North
Carolina corporation,

                        Third Party
                        Defendants.
_____/
```

## ORDER

This matter comes before the Court pursuant to a Motion to Dismiss or to Strike Counts XV, XVII, XVIII, and XIX of the Amended Third-Party Complaint (Doc. #79) filed by Third-Party Defendant, Wachovia Bank, N.A. and a Motion to Dismiss and Motion to Strike

Amended Third-Party Complaint (Doc. #88)[1] filed by Third-Party Defendant, Orion Bank. Defendant/Third-Party Plaintiff, Prince Brothers, Inc., filed a response in opposition to both motions (Docs. #87 and 89).

## I.  STANDARD OF REVIEW

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party. See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 75 Acres, LLC v. Miami-Dade County, Fla., (11th Cir. 2003)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement needs to be sufficient enough to afford the defendant "fair notice of

---

[1] Due to the similarity of the claims being asserted against Orion in Counts XV, XVI, XVIII, and XIX to those asserted against Wachovia, Orion joins the Motion to Dismiss or to Strike Counts XV, XVII, XVIII, and XIX of the Amended Third-Party Complaint (Doc. #79) filed by Wachovia Bank. (Doc. #88 at ¶1.)

what the claim is and the grounds upon which it rests." <u>United States v. Baxter Int'l, Inc.</u>, 345 F.3d 866, 881 (11th Cir. 2003)(quoting <u>Conley</u>, 355 U.S. at 47). Thus, the issue in a 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his or her claim, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof. <u>Jackam v. Hosp. Corp. of Am. Mideast, Ltd.</u>, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

Upon motion by a party or upon the Court's own initiative, the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). When considering a motion to strike, the Court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. <u>Carlson Corp./Southeast v. Sch. Bd. of Seminole County</u>, 778 F. Supp. 518, 519 (M.D. Fla. 1991). Motions to strike are generally disfavored and will usually be denied "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." <u>See</u> <u>Nankivil v. Lockheed Martin Corp.</u>, 216 F.R.D. 689, 690-91 (M.D. Fla. 2003).

## II. BACKGROUND

The Amended Third-Party Complaint (Doc. #75) sets forth the following pertinent facts, which are assumed to be true for the purpose of deciding these motions.

Prince is a corporation that acts as a title insurance agent. (Doc. #75 at ¶20.) Prince has operated a branch office in Naples, Florida since January of 2002. (Doc. #75 at ¶21.) Gloria J. Long Wozniak, Terri L. Long, Bruce L. Nelson, and Phyllis J. Templer were each employed by Prince at its Naples office at some point during the period from January of 2002 to the present. (Doc. #75 at ¶22.)

Prince submits that one or more of these employees forged the signature of its principal, Larry Prince, onto a Title Insurance Underwriting Agreement with Plaintiff, Stewart Title Guaranty Company, on or about December 12, 2003. (Doc. #75 at ¶23.) In addition, Long Wozniak, Templer, and Nelson, none of whom were officers or directors of Prince, opened corporate accounts in Prince's name, without its knowledge or permission, with Wachovia Bank, N.A. and Orion Bank. (Doc. #75 at ¶26.)

It is Prince's contention that Wachovia and Orion, through their unlawful acts and omissions and failures to act in good faith and to exercise ordinary care, facilitated the embezzlement of at least $3.1 million from Prince's operational and escrow accounts. (Doc. #75 at ¶¶170, 218, and 230.) Wachovia and Orion carelessly and negligently allowed Long Wozniak, Templer, and Nelson to deposit funds rightfully belonging to Prince into the unauthorized bank accounts, and then, allowed them to disburse the funds

directly to themselves and their friends and family.  (Doc. #75 at ¶¶172-73 and 182-208.)

### III. DISCUSSION

Stewart has initiated an action against Prince alleging that Prince breached a Title Insurance Underwriting Agreement with Stewart by misappropriating and/or negligently mishandling escrow funds; failing to comply with Stewart's rules, regulations, and instructions; failing to properly account for the receipt of loan proceeds and other funds; transferring escrow funds contrary to law; and failing to indemnify Stewart for the liabilities it sustained as a result of these actions.  (Doc. #108 at ¶¶61-63.) Stewart also alleges that Prince was negligent in the supervision and retention of its employees in connection with the handling of real estate closings, the issuance of title insurance policies and commitments, and the accounting of monies received and disbursed relative to such closings.  (Doc. #108 at ¶¶95-96.)

In its Amended Third-Party Complaint (Doc. #75), Prince attempts to allege causes of action against Wachovia and Orion for contribution, negligence, and violations of Florida's Uniform Commercial Code.  Prince states that any damages sought by Stewart were caused, at least in part, by the activities of Wachovia and Orion and that Wachovia and Orion are liable for all or part of the claims being asserted against Prince.  (Doc. #75 at ¶¶177-80.) Prince also contends that any failure by it to supervise its

employees' disbursement of escrow funds was caused, at least in part, by the negligent and careless acts of Wachovia and Orion. (Doc. #75 at ¶176.)

Wachovia and Orion argue that Count XV (Contribution) of the Amended Third-Party Complaint should be dismissed or stricken because it does not state a proper third-party claim pursuant to Federal Rule of Civil Procedure 14(a), or in the alternative, that it fails to state a claim upon which relief may be granted. (Doc. #79 at 6-12.) Because Count XV should be dismissed or stricken, Counts XVI (Negligence), XVII (Negligence), XVIII (Violation of Florida's Uniform Commercial Code, Article 3), and XIX (Violation of Florida's Uniform Commercial Code, Article 4) should be dismissed or stricken as not being properly joined pursuant to Federal Rule of Civil Procedure 18. (Doc. #79 at 12-13.) Orion also argues that Count XX (Wrongful Dishonor of Checks) is not properly joined pursuant to Federal Rule of Civil Procedure 18, or in the alternative, that it fails to satisfy this Court's $75,000 jurisdictional threshold. (Doc. #88 at ¶2.)

### A. Untimely Filing

Prince argues that Orion's Motion to Dismiss and Motion to Strike Amended Third-Party Compliant (Doc. #88) should be stricken as untimely filed. (Doc. #89 at 6). Prince filed its Amended Third-Party Complaint (Doc. #75) on October 25, 2004. Prince states that it voluntarily agreed to allow Orion until December

10, 2004, in which to file a responsive pleading. (Doc. #89 at 6). Orion filed its Motion to Dismiss and Motion to Strike (Doc. #88) on December 16, 2004. Although Prince is correct that Orion's motion was not timely filed, in the exercise of its discretion, and finding no prejudice, the Court will not strike Orion's Motion to Dismiss and Motion to Strike (Doc. #88) on the basis of untimeliness.

### B. Count XV - Contribution

#### Federal Rule of Civil Procedure 14(a)

Wachovia and Orion argue that Count XV should be dismissed or stricken because it does not state a proper third-party claim pursuant to Federal Rule of Civil Procedure 14(a). (Doc. #79 at 6-12.)

Under Federal Rule of Civil Procedure 14(a), Prince, as a third-party plaintiff, may implead parties who are or may be liable to Prince for all or part of Stewart's claim against it. The liability of the third-party defendants must be in some way dependent upon, or derivative of, the outcome of the claim between Stewart and Prince. See United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir. 1987); United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751 (5th Cir. 1967)[2]. However, if predicated

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals by the close of business on September 30, 1981 as binding precedent.

upon a separate and independent claim, impleader pursuant to Federal Rule of Civil Procedure 14 will not be appropriate even though the claim arises out of the same general set of facts. See Id.

Prince contends that the wrongful and unlawful activities of Wachovia and Orion caused, at least in part, the damages alleged by Stewart. (Doc. #75 at ¶178.) Additionally, any failure by Prince to properly supervise its employees was caused, at least in part, by the negligent and careless acts and omissions of Wachovia and Orion. (Doc. #75 at ¶176.)

In evaluating whether Prince has stated a proper third-party claim pursuant to Federal Rule of Civil Procedure 14(a), this Court finds instructive the cases of Southeast Mortgage Co. v. Mullins, 514 F.2d 747 (5th Cir. 1975) and Majors v. Am. Nat'l Bank of Huntsville, 426 F.2d 566 (5th Cir. 1970).

In Southeast Mortgage, the Defendant/Third-Party Plaintiff was in foreclosure proceedings and filed a third-party complaint against the Department of Housing and Urban Development. 514 F.2d at 748-49. The Defendant/Third-Party Plaintiff alleged that HUD's failure to adopt and enforce adequate regulations was the reason foreclosure proceedings had been initiated against her. Id. at 750. In holding that the third-party complaint had been properly dismissed pursuant to Federal Rule of Civil Procedure 14(a), the Court found that "the suggestion that a separate and independent

claim can be made the proper subject of a third party complaint because, but for the violation of duty alleged the main claim would not have matured, has been rejected by this and other courts." Id. The Court then cited, as being closely on point, its prior decision in Majors. Id.

In Majors, a broker and dealer of securities was being sued for allegedly misappropriating funds entrusted to him for the purpose of purchasing stock in a proposed corporation. 426 F.2d at 567. The stockbroker filed a third-party complaint against American National Bank (ANB) alleging that the bank had been negligent in negotiating the checks given to him in payment for the stock. Id. at 567-68. The Defendant/Third-Party Plaintiff stockbroker argued that this negligence by ANB was the proximate cause of the misappropriation for which he was being sued. Id. Reasoning that the third-party claim was entirely separate and independent from the main claim, the Court in Majors affirmed the dismissal of the third-party complaint as being improperly asserted pursuant to Federal Rule of Civil Procedure 14(a). Id. at 568-69.

The Amended Third-Party Complaint alleges that Wachovia and Orion, through their unlawful acts and omissions, facilitated the embezzlement of at least $3.1 million from Prince's operational and escrow accounts by Prince employees. (Doc. #75 at ¶170.) Specifically, Wachovia and Orion allowed Long Wozniak, Templer,

and Nelson to establish and use fraudulent accounts under Prince's corporate name and tax identification number, and carelessly and negligently allowed Long Wozniak, Templer, and Nelson to deposit and disburse funds rightfully belonging to Prince into and out of the fraudulent accounts. (Doc. #75 at ¶¶171-73.) Prince states that "but for the secret illegitimate accounts," the escrow funds entrusted to it would have been deposited into legitimate Prince accounts. (Doc. #75 at ¶177.) As such, Prince argues that the negligence of Wachovia and Orion is the proximate cause of the misappropriations for which it is being sued by Stewart.

However, Prince's argument overlooks the fact that the potential liability of Wachovia and Orion to Prince for the $3.1 million in funds allegedly misappropriated from Prince's operational and escrow accounts is not dependent upon whether Prince is liable to Stewart. Therefore, while Prince's claim for contribution from Wachovia and Orion may arise out of the same general set of facts as the main claim by Stewart against Prince, Count XV (Contribution) is a separate and independent claim not properly asserted by impleader pursuant to Federal Rule of Civil Procedure 14. See Southeast Mortgage, 514 F.2d at 750. Thus, dismissal is appropriate pursuant to Federal Rule of Civil Procedure 14(a).

### Federal Rule of Civil Procedure 12(b)(6)

Wachovia and Orion also contend that Count XV should be dismissed or stricken pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief may be granted. (Doc. #79 at 6-12.) However, because the Court finds that Prince failed to state a proper third-party claim pursuant to Federal Rule of Civil Procedure 14(a), the Court need not address at this time Wachovia and Orion's argument that Prince failed to state a claim upon which relief may be granted for contribution.

### C.   Counts XVI, XVII, XVIII, and XIX

Wachovia and Orion argue that because Count XV fails to properly assert a third-party claim for contribution pursuant to Federal Rule of Civil Procedure 14(a), Counts XVI (Negligence), XVII (Negligence), XVIII (Violation of Florida's Uniform Commercial Code, Article 3), and XIX (Violation of Florida's Uniform Commercial Code, Article 4) should be dismissed or stricken as improper under Federal Rule of Civil Procedure 18. (Doc. #79 at 12-13; Doc. #88 at 2.)

Prince submits that this Court has ancillary jurisdiction over Counts XVI, XVII, XVIII, and XIX pursuant to Federal Rule of Civil Procedure 18(a) because Count XV states a proper third-party claim for contribution. (Doc. #75 at ¶¶183, 196, 210, and 222; Doc. #87 at 5; Doc. #89 at 5.) Federal Rule of Civil Procedure 18(a) provides that, "[a] party asserting a claim to relief as an

original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal equitable, or maritime, as the party has against an opposing party."

Likewise, because Prince failed to state a proper third-party claim against Wachovia and Orion pursuant to Federal Rule of Civil Procedure 14(a) in Count XV (Contribution), the ancillary claims in Counts XVI, XVII, XVIII, and XIX are not properly joined.

### D.   Count XX

In Count XX (Wrongful Dishonor of Checks), Prince seeks to state a claim against Orion for a violation of Florida's Uniform Commercial Code, Florida Statutes § 674.402.  Orion argues that Count XX should be dismissed or stricken as an improper ancillary claim under Federal Rule of Civil Procedure 18.  (Doc. #88 at 2.) Prince contends that because Count XV states a proper third-party claim for contribution, Count XX is appropriately joined as an ancillary claim under Federal Rule of Civil Procedure 18(a). (Doc. #89 at 5.)

Similarly, because Count XV (Contribution) has been determined not to be properly joined pursuant to Federal Rule of Civil Procedure 14(a), Count XX is not properly joined as an ancillary claim.

Orion also argues that, even if Count XX states an ancillary or independent claim, the amount in controversy fails to satisfy

the Court's jurisdictional threshold amount of $75,000.  (Doc. #88 at 2-3.)  However, because the Court finds Count XX improper under Federal Rule of Civil Procedure 18(a), the Court need not address Orion's jurisdictional threshold argument at this time.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

1.   Wachovia Bank, N.A.'s Motion to Dismiss or to Strike Counts XV, XVII, XVIII, and XIX of the Amended Third-Party Complaint (Doc. #79) is GRANTED.

2.   Orion Bank's Motion to Dismiss and Motion to Strike Amended Third-Party Complaint (Doc. #88) is GRANTED.

3.   Counts XV, XVI, XVII, XVIII, XIX, and XX of the Amended Third-Party Complaint (Doc. #75) are dismissed without prejudice.

4.   Prince Brothers, Inc., is granted leave to file a Second Amended Third-Party Complaint within TWENTY DAYS of the date of this Order.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 30th day of June, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record