## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

STEWART TITLE GUARANTY COMPANY, a
Texas Corporation,

                Plaintiff,

-vs-                                        Case No.   2:04-cv-316-FtM-33SPC

TITLE DYNAMICS, INC., a Florida Corporation,
and PRINCE BROTHERS, INC., an Alabama
Corporation f/k/a PRINCE BROTHERS, INC. d/b/a
ONLINETITLE.NET,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff Stewart Title Guaranty Company's (Stewart Title) Reply to Prince Brothers' Affirmative Defenses and Motion to Strike Certain Affirmative Defenses (Doc. # 130) filed on May 16, 2005.  The Defendant Prince Brothers filed its response (Doc. # 147) on June 1, 2005. On July 13, 2005, the District Court referred the Motion to this Court for a report and recommendation (R & R) and thus, the Motion is now ripe for review.

## STANDARD OF REVIEW

      Affirmative defenses are filed pursuant to Federal Rule of Civil Procedure 8(c). The Rule states in pertinent part  that "a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud . . . and any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c).  Federal Rule of Civil Procedure 12(f) provides that the Court may

order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170 (M.D. Fla. June 17, 2005). In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002). A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997).

An Affirmative defense will only be stricken . . . if the defense is insufficient as a matter of law. Microsoft Corp., 211 F.R.D. at 683. An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. Harvey, 2005 WL 1421170. To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. Id. (citing Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)).

**DISCUSSION**

The Plaintiff addressed its objections to the Defendant Prince Brothers' affirmative defenses out of sequence according to their arguments for the various objections. The Court will address the Plaintiff's objections in the order they were made by the Plaintiff in its Motion to Strike.

*Affirmative Defenses 2, 3, 4, 5, 6, 7, 8, and 17*

The Plaintiff argues that Prince Brothers' affirmative defenses numbers two (2), three (3), four (4), five (5), six (6), seven (7), eight (8) and seventeen (17) should be struck because the defenses

require strict proof thereof. It is true that the Defendant bears the burden of proof under Rule 8 (c), however all that is required at the pleading stage is a short plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). The Defendant's affirmative factual statement is sufficient to meet the short statement of facts required by Fed. R. Civ. P. 8(c). The Plaintiff's argument lacks merit and fails to show prejudice to one of the parties or that the affirmative defenses are insufficient as a matter of law. Therefore, the Motion to Strike affirmative defenses 2, 3, 4, 5, 6, 7, 8, and 17 should be denied.

### *Affirmative Defenses 1, 13, 18, 19, 20, and 21*

In regards to Prince Brothers' first (1), thirteenth (13), eighteenth (18), nineteenth (19), twentieth (20), and twenty- first (21), affirmative defenses, the Plaintiff asserts that Prince Brothers' did not file sufficient factual pleadings as required by Fed. R. Civ. P. 8(c). However, contrary to the Plaintiff's argument, Prince Brothers' included an affirmative defenses factual statement within its Answer and Affirmative Defenses (Doc. # 120; ¶¶ 62-80). The affirmative factual statement is sufficient to meet the short statement of facts required by Fed. R. Civ. P. 8(c). As such, the Plaintiff's argument lacks merit and the Motion to Strike should be denied.

### *Affirmative Defenses 9, 12, 15, 16 and 23*

The Plaintiff states that Prince Brothers' ninth (9), twelfth (12), fifteenth (15), sixteenth (16), and twenty-third (23) affirmative defenses should be stricken because they attempt to negate various elements of the Plaintiff's *prima facie* case. In its response Prince Brothers withdrew affirmative defenses twelve (12), fourteen (14), and fifteen (15) thus, the Motion is moot regarding those specific defenses. Regarding the ninth (9) affirmative defense Prince Brothers' alleges failure of consideration

as an affirmative defense. Failure of consideration is specifically listed in Fed. R. Civ. P. 8(c) as an affirmative defense thus, affirmative defense number nine (9) should not be struck.

The Plaintiff also seeks to strike Prince Brothers' affirmative defense number sixteen (16) based on the "economic loss rule" on the same grounds. The Middle District Court in <u>Tampa Bay Storm, Inc. v. Arena Football League, Inc.</u>, 1998 WL 182418 (M.D. Fla. March 19, 1998), struck the economic loss rule as an affirmative defense because it was not specifically listed in Fed. R. Civ. P. 8(c). However, the Court then addressed the issue on the merits. <u>Id.</u> Thus, the Court recommends that the economic loss rule be stricken as an affirmative defense without prejudice and that Prince Brothers should be allowed to argue the issue on the merits in later pleadings. *See* <u>Microsoft Corp.</u>, 211 F.R.D. at 683 (holding that affirmative defenses that are stricken only on technical grounds does not preclude the defendant from arguing its substantive merit later in the case).

Regarding the twenty-third (23) affirmative defense, the Defendant asserts that any actions it took were either expressly and/or implicitly ratified by the Plaintiff. The Plaintiff objects stating that the affirmative defense merely points out a defect in its *prima facie* case and that the Defendant did not provide sufficient factual basis for the defense, therefore, it is not a proper affirmative defense. The Plaintiff's objection based on the lack of a factual basis lacks merit as noted earlier the Defendant provided sufficient factual background in its Answer and Affirmative Defenses. To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. <u>Harvey</u>, 2005 WL 1421170 at *1. The Plaintiff failed to make a showing of prejudice and thus the motion is due to be denied.

*Affirmative Defenses 10 and 11*

The Defendant's tenth (10) and eleventh (11) affirmative defenses are estopple based on the Plaintiff's own acts, omissions, and representations, and unclean hands on the part of the Plaintiff due to certain fraudulent behavior. The Plaintiff objects to the Defendants tenth (10), and eleventh (11) affirmative defenses arguing that the Defendant did not provide sufficient specific factual basis to meet the pleading standards of Fed. R. Civ. P. 8(c) and 9(b). Fed. R. Civ. P. 9(b) requires that allegations of fraud must be pled with specificity. However, the Defendant's affirmative defense fact statement found in paragraphs 62-80 of Prince Brothers' Answer and Affirmative Defenses (Doc. # 130) meets the pleading requirements found in Fed. R. Civ. P. 8(c) and 9(b), and thus, the Plaintiff's Motion is due to be denied.

*Affirmative Defense 22*

The Defendant's twenty-second (22) affirmative defense is failure to mitigate damages. The Plaintiff argues that failure to mitigate is merely a way of restating comparative negligence and thus not a separate issue. However, failure to mitigate damages is a separate affirmative defense and thus, valid. Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000). The Plaintiff further argues that the Defendant did not plead sufficient facts to establish the affirmative defense. The Defendant's affirmative defense fact statement found in paragraphs 62-80 of Prince Brothers' Answer and Affirmative Defenses (Doc. # 130) meets the pleading requirements found in Fed. R. Civ. P. 8(c).

Accordingly, it is now

**RECOMMENDED:**

The Plaintiff Stewart Title Guaranty Company's (Stewart Title) Reply to Prince Brothers' Affirmative Defenses and Motion to Strike Certain Affirmative Defenses (Doc. # 130) should be **GRANTED in part and DENIED in part.**

(1) The Motion should be **GRANTED without prejudice** as to Affirmative Defense Number Sixteen (16).

(2) The Motion should be **DENIED as Moot** as to Affirmative Defenses Twelve (12), Fourteen (14), and Fifteen (15).

(3) The Motion to Strike Regarding the Remaining Affirmative Defenses Should be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this __21st__ day of July, 2005.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record